THE STATE v. J. I. SNOW, Appellant.—6 S. W. (2d) 934.

Division Two, May 25, 1928.

*North T. Gentry*, Attorney-General, and *Smith B. Atwood*, Assistant Attorney-General, for respondent.

HENWOOD, C.—On April 21, 1927, an indictment was filed in the Circuit Court of Jackson County, by which J. I. Snow (appellant), Oscar B. Flaherty, Herschel Perrin and Adolph Nelms were jointly charged with an attempt to commit robbery in the third degree. A dismissal was entered as to Perrin and Nelms, and a severance was granted as to Flaherty and appellant. Appellant was tried alone, and the jury found him guilty and assessed his punishment at imprisonment in the penitentiary for two years. He was sentenced accordingly, and appealed.

No brief has been filed for appellant in this court, and there was no direct challenge of the indictment in the trial court, either by a motion to quash or by specific assignment in the motion for a new trial. However, we have considered the sufficiency of the indictment, as a part of the record proper, and find that it is fatally defective.

Omitting all formal parts, the indictment reads as follows:

"The Grand Jurors for the State of Missouri, duly summoned from the body of said County of Jackson, being duly impaneled, sworn and charged to inquire within and for said county, upon their oaths present and charge that J. I. Snow, Oscar B. Flaherty, Herschel Perrin, and Adolph Nelms, whose Christian names are to the said Grand Jurors unknown, on the 11th day of April, 1927, at the County of Jackson and State of Missouri, unlawfully, maliciously and feloniously *did verbally accuse and threaten one Daniel A. Marsh in certain verbal conversations which the said J. I. Snow,*

*Oscar B. Flaherty, Herschel Perrin and Adolph Nelms then and there had with the said Daniel A. Marsh of having violated the Federal and State Prohibition Law by having in his possession and transporting intoxicating liquor;* the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms first having by trick and deception induced the said Daniel A. Marsh *to take charge of and undertake the transportation of a quantity of alcohol,* which the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms pretended wrongfully to discover *in the possession of the said Daniel A. Marsh;* and the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms *then and there threatened to have him the said Daniel A. Marsh convicted and sent to the penitentiary;* and the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms *after arresting the said Daniel A. Marsh and accusing him of the aforesaid crime* negotiated with the said Daniel A. Marsh for his release and the suppression of the pretended evidence in consideration of the said Daniel A. Marsh paying to the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms the sum of two thousand ($2000) dollars, which he the said Daniel A. Marsh, to avoid the humiliation and publicity of being prosecuted on such a charge, agreed to pay the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms, with the intent then and there and thereby to extort from the said Daniel A. Marsh the said sum of two thousand ($2000) dollars; and that the said J. I. Snow, Oscar B. Flaherty, Herschel Perrin and Adolph Nelms *by then and there intimidating the said Daniel A. Marsh with the said accusations and threats aforesaid,* did unlawfully and feloniously attempt to rob, extort, receive and gain of and from the said Daniel A. Marsh the sum of two thousand ($2000) dollars in lawful money of the United States of the value of two thousand ($2000) dollars of the money, goods and chattels of the said Daniel A. Marsh, but did then and there fail in the perpetration thereof; against the peace and dignity of the State." (Italics ours.)

The indictment is based upon Section 3309, Revised Statutes 1919, which defines the crime of robbery in the third degree, and Section 3683, which defines an attempt to commit that crime and other crimes, and fixes the punishment therefor.

Section 3309 provides that—"If any person shall, either verbally or by a written or printed communication, *accuse or threaten to accuse another of a felony,* or shall threaten to do any injury to the person or property whatever of any one, with a view or intent to extort or gain any money or property of any description belonging to another, and shall, *by intimidating him with said accusation or threat,* extort or gain from him any money or property, every such of-

fender shall be deemed guilty of robbery in the third degree." (Italics ours.)

While the indictment uses the word "threat," it is plain that it is used in connection with the accusation actually made, and not in connection with any threat "to do any injury to the person or property" of Marsh, the prosecuting witness and alleged victim of the transaction. The defendants are charged with verbally accusing Marsh "with having violated the Federal and State Prohibition Law by *having in his possession and transporting intoxicating liquor.*" It is further charged that the liquor so possessed and transported was "a quantity of *alcohol.*" (Italics ours.) It is *a felony,* under the laws of this State, to transport "hootch," "moonshine," "corn whiskey" (Sec. 21, Laws 1923, p. 242), but it is *not a felony,* under either our State or Federal prohibition laws, to possess or transport "intoxicating liquor" or "alcohol," unless the intoxicating liquor transported is "hootch," "moonshine," "corn whiskey." [See Sec. 6588, Laws 1921, p. 414, and Sec. 22, Laws 1923, p. 243; also, Title II, Sections 3 and 29, 41 U. S. Statutes (At Large), pages 308 and 316.] As the *accusation* charged to have been made against Marsh is *not a felony,* it follows that the indictment fails to state sufficient facts to constitute an attempt to commit robbery in the third degree, although it does state that, by intimidating him with such accusation, the defendants attempted to extort from him the sum of $2000.

In view of this conclusion, it becomes unnecessary to consider the sufficiency of the evidence, as a whole, or other matters complained of in the motion for a new trial. However, it should be noted that, for the reasons above stated, the State's proof, tending to show that Marsh was accused of possessing and transporting "alcohol," and that, by intimidating him with such accusation, the defendants attempted to extort money from him, is not sufficient to sustain a conviction for attempted robbery in the third degree; also, that the trial court's instructions to the jury, authorizing a conviction under the indictment and evidence in this case, were erroneous.

The judgment is reversed, and the cause remanded, in order to permit the State, if so advised, to proceed under some other section of our criminal code. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.